IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 21-mc-0046-WJM-NYW

IN RE APPLICATION OF
THOMAS READ MATTSON,

    Applicant,

Pursuant to 28 U.S.C. § 1782 for Judicial Assistance in Obtaining Evidence for Use in Foreign International Proceedings.

---

# ORDER

Magistrate Judge Nina Y. Wang

    Pending before the court is Thomas Read Mattson's Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 ("Ex Parte Application for Judicial Assistance" or "Ex Parte Application") submitted by Thomas Read Mattson ("Applicant" or "Mr. Mattson") [#1, filed March 4, 2021], and referred to this Magistrate Judge for disposition[1] pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated March 11, 2021 [#3], and the Memorandum dated March 11, 2021 [#5].[2] Upon consideration of the Ex Parte Application for Judicial Assistance, this court respectfully **DENIES** the Ex Parte Application.

---

[1] Though the United States Court of Appeals for the Tenth Circuit has not expressly passed on the issue, this court notes that other courts within the District of Colorado have concluded that a Magistrate Judge can proceed by order when considering applications for discovery pursuant to 28 U.S.C. § 1782. *See, e.g., Interbrew Central European Holding BV v. Molson Coors Brewing Co.*, No. 13-cv-02096-MSK-KLM, 2013 WL 5567504, at *1 (D. Colo. Oct. 9, 2013). Thus, this court proceeds by Order, subject to review for clear error. *Id.*

[2] The court uses this convention [#__] to refer to the docket entry assigned by the District's Electronic Court Filing ("ECF") system, and uses to page number assigned by the ECF system, rather than any internal numbering used by the Applicant for the purposes of consistency.

## LEGAL STANDARDS

Section 1782(a) of Title 28 of the United States Code provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a). To obtain discovery for an international proceeding, the applicant must satisfy three threshold requirements: (1) that the applicant is an "interested person;" (2) that the discovery is to be used in a proceeding in a foreign or international tribunal; and (3) the target of discovery is a person who resides or may be found in the District. *See In re Perez Pallares*, No. 10-cv-2528-PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 2010).

Meeting the statutory requirements is necessary but not sufficient for the granting of such an application. The court retains discretion to determine whether such discovery is proper. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004). Under *Intel*, a court must consider: (1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and character of the proceedings underway abroad; (3) the receptivity of the foreign government or the court or agency abroad to federal court assistance; (4) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of the foreign country; and

(5) whether the request contains unduly intrusive or burdensome requests. *See id.*

## BACKGROUND

The following facts are draw from the Ex Parte Application for Judicial Assistance and from court filings from a related case proceeding in Colorado State Court. Applicant, a resident of Colorado, initiated this miscellaneous action before the United States District Court for the District of Colorado on March 4, 2021, seeking discovery of records and testimony related to the financial performance and operation of Crocodile Distributions Company, S.A. de C.V., a Mexican entity ("Crocodile Mexico") from two other residents of Colorado, George Brian Boedecker, Jr. ("Mr. Boedecker") and Joel A. Davis ("Mr. Davis"). [#1]. Specifically, Mr. Mattson indicates that the discovery he seeks is related to contemplated foreign proceedings in Mexico, involving Miguel Angel Plascencia Rojas ("Mr. Plascencia") and possibly others who reside in Mexico. [*Id.* at 1].

In 2005, Messrs. Mattson, Boedecker, and Davis and others formed a Colorado entity named Crocodile Distribution, LLC ("Crocodile Distribution"), which in turn secured an exclusive distribution agreement with Crocs, Inc. ("Crocs"), a footwear company, to distribute its products in Mexico and elsewhere. [#1 at 2]. Also in 2005, Messrs. Mattson, Boedecker, and Davis, and two unnamed individuals, created Crocodile Mexico to sell and distribute Crocs footwear and products in Mexico and elsewhere under an exclusive agreement with Crocs. [*Id.* at 3]. From 2010 to the present, Mr. Plascencia has served as the Director of Operations of Crocodile Mexico, an entity that sells and distributes Crocs footwear and products in Mexico and elsewhere. [*Id.*]. In that role, he is in charge of the day-to-day operations of Crocodile Mexico. [*Id.*]. In 2011, Mr. Plascencia acquired the "ten percent (10%) interest of one of the five original owners." [*Id.*; #1-2 at ¶ 6]. On June 14, 2016, Mr. Mattson was removed from the Board of Directors of Crocodile Mexico and Messrs. Boedecker, Davis, and Plascencia were appointed as Chairman, Secretary, and Treasurer of the company, respectively. [#1 at 3;

#1-2 at ¶ 7]. These individuals are also the sole members on Crocodile Mexico's Board of Directors. [#1 at 3; #1-2 at ¶ 7].

After Crocs informed Crocodile Mexico that it would be replaced with a new distributor for the Mexican market, Crocodile Mexico began to wind down its operations. By November 2020, all of Crocodile Mexico's stores and main office buildings were closed. [#1 at 3]. Mr. Mattson avers that, according to the information provided to him, Crocodile Mexico's assets were sold in 2020 for "millions of dollars less than the value of the company stated in its 2018 financial report."[3] [*Id.* at 4]. Mr. Mattson does not identify the specific information upon which he relies to draw that conclusion, but indicates that

> Crocodile Mexico routinely emailed or otherwise sent its financial information to Mr. Boedecker and Mr. Davis in the United States, including financial statements, audit reports and information about start-up money, funds sent or paid to Mr. Boedecker, a loan to Mr. Plascencia, multiple loans to Mr. Davis, how some of Crocodile Mexico's funds were applied, communications with the company's accountants, cash flow, the distribution contracts with Crocs, dividends and taxes.

[#1-2 at ¶ 12]. He also attests that he has been informed that Crocodile Mexico had unspecified "administrative expenses" of nearly $40 million between 2006 and 2018. [*Id.* at ¶ 10].

In 2018, Mr. Mattson initiated a proceeding in the Colorado District Court for Boulder County, Colorado for the appointment of a receiver and for an accounting of Crocodile Distribution. [*Id.* at ¶ 13]; *Mattson v. Crocodile Distribution, LLC*, No. 2018CV30239, District Court, Boulder County, Colorado ("Boulder Action"). In the course of the Boulder Action, Mr. Mattson sought disclosure of financial records of Crocodile Mexico in Crocodile Distribution's possession, custody, or control. [#1-2 at ¶ 13]. In October 2019, Boulder Action Defendants represented that Crocodile Mexico had initiated an action against its owners in a Mexican court, and the Mexican court had enjoined the removal of Crocodile Mexico's

---

[3] Mr. Mattson attests that from 2006 to 2018, the company had total sales of $161,800,526.42 and total net profit after taxes of $14,131,461.67, and positive net income in every year from 2007 to 2018. [#1-2 at ¶ 9].

accounting and financial information from its registered office.[4]  [*Id.* at ¶ 15].  Trial in the Boulder Action was set to commence on April 12, 2021.[5]  [*Id.* at ¶ 18]. Mr. Mattson alleges that the Mexican action, *Crocodile Distrib. Co., S.A. de C. V. v. Boedecker*, No. MOl 19/2019, Ninth Civil District Court, Leon, Guanajuato, Mexico (the "Mexico Action"), "remains in effect." [#1-2 at ¶ 18].

## ANALYSIS

As discussed above, this court notes that there are three statutory requirements before discovery can be obtained pursuant to § 1782: (1) that the applicant is an "interested person;" (2) that the discovery is to be used in a proceeding in a foreign or international tribunal; and (3) the target of discovery is a person who resides or may be found in the District.  *See In re Perez Pallares*, 2010 WL 4193072, at *1.  This court focuses its analysis on the second factor. Because this court finds that Mr. Mattson fails to satisfy the statutory requirements of § 1782, I do not reach the *Intel* discretionary considerations.

**I.    Discovery to be Used in a Proceeding in a Foreign or International Tribunal**

Mr. Mattson seeks from Messrs. Boedecker and Davis financial information regarding Crocodile Mexico that he admittedly attempted to—unsuccessfully—obtain in the Boulder Action.  It is unequivocal that Mr. Mattson could not seek to discover financial documents from Messrs. Boedecker and Davis using § 1782 for use in the Boulder Action, a domestic action.  Instead, Mr. Mattson contends that this discovery is to be used in a potential future

---

[4] Mr. Mattson alleges that "In an October 28, 2019 email to Mr. Boedecker, Mr. Davis and others, Mr. Plascencia admitted that the Mexican lawsuit was filed in response to my attempts to obtain Crocodile Mexico's financial and accounting information."  [#1-2 at ¶ 18].

[5] This court takes judicial notice that the trial in the Boulder Action has been re-set to commence on May 24, 2021 before the Honorable Patrick Butler.  Fed. R. Evid. 201; *see Hutchinson v. Hahn*, 402 F. App'x 391, 394–95 (10th Cir. 2010) (citing *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (observing that a court may take judicial notice of its own records as well of those of other courts, particularly in closely-related cases)).

proceeding in Mexico, because "[i]n the event financial injury occurred as a result of the mismanagement or negligent management of Crocodile Mexico by Mr. Plascencia or others in Mexico, the company and/or its owners, including Mr. Mattson, would have commercial or civil claims against Mr. Plascencia and/or others under Mexican law." [#1 at 4–5]. In support of this contention, Mr. Mattson offers the Declaration of Juan Carlos Ramirez Garcia ("Mr. Ramirez Garcia"), a duly licensed attorney in Mexico who specializes in the practice of commercial litigation involving Mexican companies and corporate disputes as well as the litigation of civil claims under Mexican law. [#1-3 at ¶ 2].

*Ongoing Mexican Action*. Mr. Mattson does not argue that the discovery being sought from Mr. Boedecker or Mr. Davis is to be used in the ongoing Mexico Action. *See* [#1, #1-2, #1-3]. Mr. Ramirez Garcia declared that Mr. Plascencia represented in the Mexico Action that he was willing to show financial information to the company's owners at Crocodile Mexico's office in Leon, so long as they "adhere to the laws and jurisdiction of the Mexican courts." [#1-3 at ¶ 4]. Neither Mr. Ramirez Garcia nor Mr. Mattson address whether Mr. Mattson availed himself of that opportunity. [#1; #1-2; #1-3]. Thus, there has been no showing that the discovery sought is to be used in the ongoing Mexico Action. Accordingly, this court turns to the question of whether Mr. Mattson has made the requisite showing that the discovery sought from Messrs. Boedecker and Davis in Colorado is to be used in a future Mexican proceeding against Mr. Plascencia or others.

*Future Mexican Proceedings*. To satisfy the second element of § 1782, that the discovery is to be used in a proceeding in a foreign or international tribunal, the Applicant need not establish that there is a pending adjudicative proceeding. *See Intel*, 542 U.S. at 258 (noting that Congress eliminated both "pending" and "judicial" when amending the statute in 1964). Nor does the proceeding need to be imminent. *See id.* at 259. Instead, the Supreme Court concluded that § 1782(a) requires only that a dispositive ruling be within "reasonable

contemplation."

It does not appear that the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has interpreted what showing is required to establish "reasonable contemplation." As recognized by one court in the District of Massachusetts, "circuit courts have grappled with the definition of 'within reasonable contemplation.'" *Sandra Holding Ltd. v. Al Saleh*, No. 18-MC-91406-PBS, 2019 WL 3072197, at *2 (D. Mass. July 15, 2019). But one central tenet has emerged: § 1782 should not be used to enable a fishing expedition, whereby the petitioner uses the discovery process in a blind effort to find damaging evidence to be used against an adversary without any specific underlying legal claims or theory of liability. *Id.* at *2; *In re Petition of Certain Funds, Accounts, and/or Inv. Vehicles Managed by Affiliates of Fortress Inv. Grp.*, No. 14 CIV 1801 (NRB), 2014 WL 3404955, *6 (S.D.N.Y. July 14, 2014). After reviewing the record before it, this court finds that Mr. Mattson has failed to establish that an adjudicative proceeding against Mr. Plascencia or others in Mexico is within reasonable contemplation.

First, Mr. Mattson seeks discovery of financial information from Messrs. Boedecker and Davis because "[i]n the event financial injury occurred as a result of the mismanagement or negligent management of Crocodile Mexico by Mr. Plascencia or others in Mexico, the company and/or its owners, including Mr. Mattson, would have commercial or civil claims against Mr. Plascencia and/or others under Mexican law." [#1 at 4-5]. But Mr. Mattson attests that "[n]one of the claims involved in the Colorado state case are claims that I intend to pursue under Mexican law against Mr. Plascencia and possibly others in Mexico." [#1-2 at ¶ 17]. In order to understand this statement, this court takes judicial notice of the filings made in the Boulder Action. Fed. R. Evid. 201. In the Boulder Action, Mr. Mattson seeks an accounting to determine whether the custodian of funds has properly maintained the account and, if not, to adjust the current account to reflect what it proper. *See* [#9-1 (Plaintiffs' Trial Brief) at 3].

Plaintiff also seeks relief for breach of fiduciary duty; breach of contract; and unjust enrichment. [*Id.*]. Comparing Mr. Mattson's statements in the Ex Parte Application with his claims in the Boulder Action, it is entirely unclear to this court what adjudicative proceeding in Mexico is within reasonable contemplation.

An examination of the Declaration of Mr. Ramirez Garcia does not elucidate this issue. Indeed, Mr. Ramirez Garcia also does not identify any type of adjudicative proceeding that is within reasonable contemplation. Instead, Mr. Ramirez Garcia generally describes proceedings in Mexico "should [Mr. Mattson] obtain evidence of financial wrongdoing by persons in Mexico affiliated with Crocodile Mexico":

> At this time, the contemplated Mexican proceedings include a commercial or civil lawsuit in a court in Leon against Mr. Plascencia and possibly other residents of Mexico, asserting legal claims under Mexico's Commercial Code (Codigo de Comercio), other commercial laws and/or Federal Civil Code (Codigo Civil Federal). To the extent the evidence reveals violations of Mexican criminal law, as set forth for example in the Criminal Code of the State of Guanajuato (Codigo Penal de! Estado de Guanajuato) or Federal Criminal Code (Codigo Penal Federal), Mr. Mattson could make a criminal complaint to the local prosecutor in Leon.

[#1-3 at ¶ 6]. Though in no way impugning Mr. Ramirez Garcia's expertise or good faith, his statement is akin to an American attorney stating that—depending upon the evidence uncovered—Mr. Plascencia could bring an action against Mr. Mattson, or some other resident of the United States, asserting legal claims under federal or state law, or could make a criminal complaint to a state or federal prosecutor. This is simply insufficient to identify an adjudicative proceeding within "reasonable contemplation" as intended by Congress, particularly given the admonition that § 1782 should not be used in a blind effort to find damaging evidence to be used against any adversary without any specific underlying legal claims or theory of liability.[6]

---

[6] Nor is it clear to this court why Mr. Mattson has not been able to obtain these documents from Messrs. Boedecker and Davis within the context of the Boulder Action or from Mr. Plascencia and/or Crocodile Mexico in the Mexico Action. Certainly, Mr. Mattson could not use § 1782 to circumvent the discovery process and/or rulings in these other proceedings.

*Sandra Holding Ltd.*, 2019 WL 3072197, at *2.

Thus, having found that Mr. Mattson does not meet the required elements of the statute, this court does not reach the *Intel* discretionary factors.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Thomas Read Mattson's Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 [#1] is **DENIED**.

DATED: April 29, 2021									BY THE COURT:

											_____
											Nina Y. Wang
											United States Magistrate Judge